# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

TONY DANIELS,
ADC #157064  PLAINTIFF

V.  4:16CV00635 SWW/JTR

DOC HOLIDAY,
Director, Pulaski County Jail, et al.  DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Plaintiff, Tony Daniels ("Daniels"), is a prisoner in the Arkansas Department of Correction. He has filed this *pro se* § 1983 action alleging that, while he was confined in the Pulaski County Regional Detention Facility ("PCRDF"), Defendants Sheriff Doc Holiday ("Holiday"), Aramark Commissary ("Aramark"), and the PCRDF

violated his constitutional rights. *Docs. 2 & 5.* The Court must screen Daniels's allegations.[1]

## II. Discussion

A.    **Daniels's Claim Against Defendant PCRDF**

It is well settled that jails are not proper parties in a § 1983 action. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008) (unpublished opinion). Thus, Daniels's claim against the PCRDF should be dismissed, with prejudice.

B.    **Daniels's Claim Against Defendants Aramark and Sheriff Holiday**

Daniels alleges that, on June 21, 2016, he purchased a package of Vienna sausages from the PCRDF commissary, which is run by Aramark. *Docs. 2 & 5.* The sausage package contained a sticker stating "Exp. 06/23/17." *Doc. 5 at 9.* After eating the sausages, Daniels removed the "Exp. 06/23/17" sticker, which was placed over a

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

"Best Before Date: 06/23/15" stamp on the sausage can. *Id. at 8*. Daniels believes this meant the sausages were unsafe to eat after June 23, 2015, and he speculates that Aramark must have deliberately covered the 06/23/15 stamp with the 06/23/17 sticker so that it could serve him, and other PCRDF prisoners, food that was unsafe for consumption. Soon after eating the sausages, Daniels allegedly because experiencing symptoms consistent with food poisoning. *Id.*

To state a viable conditions of confinement claim, Daniels must allege facts establishing that: (1) objectively, he was subjected to a substantial risk of food poisoning; and (2) subjectively, Aramark and Holiday were aware of and deliberately indifferent to that substantial risk of harm. *See Davis v. Oregon Cnty., Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004).

Daniels has not offered any facts to support his highly speculative belief that Aramark, instead of the sausage manufacturer, placed the "Exp. 06/23/17" sticker over the "Best Before Date 06/23/15" stamp. More importantly, Daniels's claim is premised on a misunderstanding of food labeling. According to the United States Department of Agriculture, the "best by" date is the date "recommended for best flavor or quality" -- and *not* an expiration date or "safety date."[2] Thus, the "Best Before

---

[2] *See USDA, Food Safety & Inspection Service,* http://www.fsis.usda.gov/wps/portal/fsis/topics/food-safety-education/get-answers/food-safety-fact-sheets/food-labeling/food-product-dating/food-product-dating); *see also* Fed. R. Evid. 201(b) (providing that a court may take judicial notice of a fact that can be "readily determined from sources whose accuracy cannot reasonably be

Date 06/23/15" stamp meant that the sausages were at the their best flavor on or before June 23, 2015, *but still safe for consumption when Daniels ate them on June 21, 2016*.

Thus, even assuming the truth of the facts as alleged by Daniels, Aramark and Holiday did not deliberately conceal an expiration date. Instead, they allegedly covered the date on which the sausages *were at their optimum flavor* with a sticker containing the date they became unsafe to eat, which was long after Daniels ate them. Because Daniels has not pled any facts suggesting that Aramark or Holiday were deliberately indifferent to a substantial risk that he would be harmed by eating the sausages, Daniels's conditions of confinement claim against Aramark and Holiday should be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Daniels's claim against the PCRDF be DISMISSED, WITH PREJUDICE.

2. Daniels's claim against Aramark and Holiday be DISMISSED, WITHOUT PREJUDICE.

---

questioned").

3. The dismissal of this action be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 12th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE